IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Russell Montague,                                    )        C/A No.: 5:25-13971-JDA
                                                     )
                    Plaintiff,                       )
                                                     )
         v.                                          )        **OPINION AND ORDER**
                                                     )
F.C.I. Williamsburg and F.C.I.                       )
Williamsburg Medical Department,                     )
                                                     )
                    Defendants.                      )
                                                     )

     Plaintiff, proceeding pro se, filed this Complaint while incarcerated at FCI Williamsburg. On January 28, 2026, the Court issued an order informing Plaintiff that his Complaint was not in proper form for service. [Doc. 8.] The Court directed Plaintiff to pay the filing fee or complete an application to proceed without prepaying the filing fee, and to provide service documents for the defendants named in his case. [*Id.*] Plaintiff was warned that the failure to provide the necessary information within a specific time period may subject his case to dismissal. [*Id.*] The time for Plaintiff to file a response to the January 28, 2026, Order expired on February 18, 2026, and Plaintiff is presumed to have received the proper form Order. However, Plaintiff has not submitted a response.

     It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626,

630–31 (1962).  In addition to its inherent authority, this Court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).  *Id.* at 630.  As Plaintiff has failed to prosecute this case and has failed to comply with an Order of this Court, the case is dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_s/Jacquelyn D. Austin_____

May 21, 2026
Greenville, South Carolina

Jacquelyn D. Austin
United States District Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

2